# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1549

_____

Beau Jackson Morris

*Plaintiff - Appellant*

v.

Judy Morrison; Mark Lund; Steve Jenkins; Shawn Howard; Jeremy Wulbecker;
Carol Strough

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: August 22, 2012
Filed: August 31, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action based on alleged damage to religious property during a prison cell search, Iowa inmate Beau Morris appeals the district court's[1] adverse grant of summary judgment based on qualified immunity. For reversal, Morris argues that a genuine issue of material fact remains as to whether defendants' conduct infringed on his free-exercise rights and violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc.

After careful de novo review, *see Schoelch v. Mitchell*, 625 F.3d 1041, 1045-46 (8th Cir. 2010), we agree with the district court's summary judgment decision, *see Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 832-33 (8th Cir. 2009) (when faced with both First Amendment and RLUIPA claims, threshold inquiry is whether prison has substantially burdened prisoner's ability to practice religion; if prisoner fails to put forth sufficient evidence of substantial burden, court need not further analyze claim; to constitute substantial burden, government policy or actions must significantly inhibit or constrain religious conduct or expression, meaningfully curtail person's ability to express adherence to his faith, or deny him reasonable opportunities to engage in activities fundamental to his religion); *Richmond v. City of Brooklyn Ctr.*, 490 F.3d 1002, 1006 (8th Cir. 2007) (qualified immunity protects government official unless official's conduct violated clearly established constitutional or statutory right at time of deprivation).

To the extent Morris advances a new claim that defendants denied him access to the courts, we decline to consider it. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (declining to consider claims advanced for first time on appeal).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.